UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. BOLTON,<br>        Plaintiff,<br>    v.<br>CITY OF BERKELEY, et al.,<br>        Defendants. | Case No. 4:17-cv-01387-KAW<br>**ORDER DENYING MOTION FOR RECONSIDERATION; ORDER TO SHOW CAUSE**<br>Re: Dkt. Nos. 13 & 14 |

On July 5, 2017, Plaintiff A. Bolton's complaint was dismissed with leave to amend. (Dkt. No. 10.) Plaintiff was given until August 4, 2017 to file an amended complaint. *Id.* at 2. Plaintiff was advised that the failure to file an amended complaint could result in his case being dismissed for failure to prosecute. *Id.*

On August 3, 2017, Plaintiff filed a motion for appointment of counsel and requested that the Court grant a 90 day extension to file the amended complaint, which was denied on August 4, 2017. (Dkt. Nos. 11 & 12.) Nonetheless, Plaintiff was given an additional two weeks, until August 21, 2014, to file an amended complaint, which included his full name, and was advised that the failure to do so may result in the dismissal of this case for failure to prosecute. (Dkt. No. 12 at 2.)

On August 21, 2017, Plaintiff filed a first amended complaint, but again refused to use his full legal name. (Dkt. No. 13.)

Also on August 21, 2017, Plaintiff filed a motion for reconsideration of the Court's order denying his motion to appoint counsel. (Dkt. No. 14.) Plaintiffs requested reconsideration for "health, welfare, safety and privacy reasons." (Dkt. No. 14 ¶ 2.) The Court again DENIES the request.

Additionally, Plaintiff is ORDERED TO SHOW CAUSE as to why he is repeatedly violating the Court's order to furnish his legal first name. Plaintiff shall respond in writing no later than **September 11, 2017**, and shall include his legal first name. The failure to timely and fully respond to the order to show cause may result in the dismissal of this case for failure to prosecute.

The Court notes that Plaintiff has recently filed numerous lawsuits in federal court, and, to the undersigned's knowledge, refuses to fully identify himself in any of them. Anonymity is permitted only "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Generally, civil rights cases do not warrant anonymity. If Plaintiff has new facts or law that will meet the requirements for anonymity, however, he may file a motion for leave to file a motion for reconsideration as required by Civil Local Rule 7-9(a). Future motions for reconsideration filed without complying with Civil Local Rule 7-9 will not be considered by the Court.

Plaintiff is again directed to obtain assistance from the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982.

IT IS SO ORDERED.

Dated: August 25, 2017

KANDIS A. WESTMORE
United States Magistrate Judge