UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. BOLTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BERKELEY, et al.,<br><br>    Defendants. | Case No. 4:17-cv-01387-KAW<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 15 |

On July 5, 2017, Plaintiff A. Bolton's complaint was dismissed with leave to amend. (Dkt. No. 10.) Plaintiff was given until August 4, 2017 to file an amended complaint. *Id.* at 2. Plaintiff was advised that the failure to file an amended complaint could result in his case being dismissed for failure to prosecute. *Id.*

On August 3, 2017, Plaintiff filed a motion for appointment of counsel and requested that the Court grant a 90 day extension to file the amended complaint, which was denied on August 4, 2017. (Dkt. Nos. 11 & 12.) Nonetheless, Plaintiff was given an additional two weeks, until August 21, 2014, to file an amended complaint, which included his full name, and was advised that the failure to do so may result in the dismissal of this case for failure to prosecute. (Dkt. No. 12 at 2.)

On August 21, 2017, Plaintiff filed a first amended complaint, but again refused to use his full legal name. (Dkt. No. 13.) Also on August 21, 2017, Plaintiff filed a motion for reconsideration of the Court's order denying his motion to appoint counsel. (Dkt. No. 14.) Plaintiffs requested reconsideration for "health, welfare, safety and privacy reasons." (Dkt. No. 14 ¶ 2.) On August 25, 2017, the Court denied this request, and issued an order to show cause to Plaintiff to explain why he repeatedly violated the Court's order to furnish his legal first name.

(Dkt. No. 15.) Plaintiff was ordered to respond in writing no later than September 11, 2017, and was instructed to include his legal first name. *Id.* at 2. Plaintiff was advised that "[t]he failure to timely and fully respond to the order to show cause may result in the dismissal of this case for failure to prosecute." *Id.* Plaintiff was also again advised that he could obtain assistance at no cost from the Federal Pro Bono Project's Help Desk. *Id.* To date, Plaintiff has not filed a response to the order to show cause, he has not filed any other documents in this matter, and he has not otherwise communicated with the Court.

Moreover, Plaintiff failed to appear at the case management conference scheduled on September 12, 2017.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'"). Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In light the foregoing, the case is dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: September 13, 2017

KANDIS A. WESTMORE
United States Magistrate Judge